UNITED STATES DISTRICT COURT                                              C/M
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------- X
MANDEL T. BROCK,                                  :
                                                  :
                       Plaintiff,                 :
                                                  :
       - against -                                :
                                                  :  **MEMORANDUM DECISION AND**
THE CITY OF NEW YORK, NEW YORK                    :  **ORDER**
STATE FAMILY COURT; JAVIER                        :
VARGAS, Family Court Justice; CELINA              :  18-cv-4915 (BMC) (RML)
FLETCHER, Assistant Corporation Counsel;          :
CYNTHIA A. CROOK-WALKER;                          :
GUILFORD COUNTY,                                  :
                                                  :
                       Defendants.                :
                                                  :
----------------------------------------------------------- X

**COGAN**, District Judge.

Plaintiff *pro se* Mandel T. Brock brings this action challenging the enforcement of a North Carolina child support order in New York family court, alleging violations of his federal[1] and constitutional rights. Plaintiff's request to proceed *in forma pauperis* under 28 U.S.C. § 1915 is granted. The complaint is dismissed and plaintiff is afforded twenty days to amend the complaint in order to proceed with this action.

## SUMMARY OF COMPLAINT

Plaintiff is a citizen of New York. A North Carolina court ordered him to pay child support in an unspecified amount.[2] Plaintiff appeared before Kings County Family Court on a bench warrant issued by the Honorable Javier Vargas to enforce the North Carolina child support

---

[1] Plaintiff alleges that defendants violated the following federal laws: the United Nations Human Rights Treaty and 42 U.S.C. §§ 654-55. Even affording the complaint a liberal interpretation, neither the Human Rights Treaty nor the two sections of Title IV-D of the Social Security Act to which he cites provide a claim for relief under these facts. See 42 U.S.C. § 651 et seq. (funds available to States to improve their ability to enforce the child support obligations of non-custodial parents).

[2] Plaintiff unsuccessfully challenged the North Carolina court's personal jurisdiction over him.

order. Because plaintiff was "impoverished and indigent," Judge Vargas appointed counsel for plaintiff. Judge Vargas also vacated the warrant, and referred the case to a magistrate judge (possibly a judicial hearing officer).

Plaintiff moved to modify the amount of the child support order, which the Assistant Corporation Counsel opposed and the magistrate judge denied. Subsequently, plaintiff and his counsel appeared before Judge Vargas, who ordered plaintiff to pay $2,000 (but the complaint does not indicate why). Plaintiff alleges that, because he is indigent and unable to pay that amount, "Judge Javier Vargas remanded [him] to the custody of 'D.O.C.' without a hearing in clear violation of law procedures." He further alleges that the New York family court "continues to threaten to deprive [him] of his liberty without 'due process' insisting that they only have the jurisdiction to incarcerate[]/deprive of liberty not give legal remedy/due process." Plaintiff seeks damages and an injunction prohibiting the New York family court and Judge Vargas from "violating and disobeying . . . United States Constitutional guarantees" and state and federal law.

## DISCUSSION

Under 28 U.S.C. § 1915(e)(2)(B), the Court must dismiss an *in forma pauperis* action if it determines that the action "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). An action "is frivolous when either: (1) the factual contentions are clearly baseless, such as when allegations are the product of delusion or fantasy; or (2) the claim is based on an indisputably meritless legal theory." Livingston v. Adirondack Beverage Co., 141 F.3d 434, 437 (2d Cir. 1998) (internal quotation marks and citation omitted).

*Pro se* complaints, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." Erickson v. Pardus, 551 U.S. 89, 94 (2007) (internal

quotation marks and citation omitted); see McLeod v. Jewish Guild for the Blind, 864 F.3d 154, 156 (2d Cir. 2017) (per curiam).  However, even a *pro se* complaint must plead "enough facts to state a claim to relief that is plausible on its face," Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007), and to "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).  Although the Court assumes all factual allegations contained in the complaint to be true, this tenet is "inapplicable to legal conclusions."  Id.

Because plaintiff's complaint alleges violations of his federal and constitutional rights, it is construed as a case arising under 42 U.S.C. § 1983, thus triggering federal question jurisdiction.[3]  To maintain a Section 1983 action, a plaintiff must allege that the conduct complained of was "committed by a person acting under color of state law" and "deprived a person of rights, privileges or immunities secured by the Constitution or laws of the United States."  Pitchell v. Callan, 13 F.3d 545, 547 (2d Cir. 1994).  Moreover, a plaintiff must allege the direct or personal involvement of each of the named defendants in the alleged constitutional deprivation.  Farid v. Ellen, 593 F.3d 233, 249 (2d Cir. 2010); Farrell v. Burke, 449 F.3d 470, 484 (2d Cir. 2006) ("It is well-settled in this Circuit that personal involvement of defendants in alleged constitutional deprivations is a prerequisite to an award of damages under § 1983.").

### I. Improper Defendants

Plaintiff brings this action against the following defendants: the City of New York; New York State Family Court; the Honorable Javiar Vargas; Assistant Corporation Counsel Celina Fletcher; Cynthia Crook-Walker (an attorney); and Guilford County, North Carolina.  None of these individuals or entities are proper defendants in this case.

---

[3] Plaintiff alleges both federal question and diversity jurisdiction.  However, the complaint does not sufficiently plead diversity of citizenship, because at least one defendant and plaintiff are citizens of the same state (New York).  See 28 U.S.C. § 1332.

First, plaintiff names the City of New York, but includes no allegations against the municipality in his complaint. Plaintiff has therefore failed to state a claim against it. See Farid v. Ellen, 593 F.3d at 249. Moreover, Congress did not intend municipalities to be held liable under Section 1983, "unless action pursuant to official municipal policy of some nature caused a constitutional tort." Monell v. Department of Social Services, 436 U.S. 658, 691 (1978). In other words, a municipality may not be held liable "by application of the doctrine of *respondeat superior*" – solely because it employs a tortfeasor. Pembaur v. City of Cincinnati, 475 U.S. 469, 478 (1986). Rather, there must be a "direct causal link between a municipal policy or custom and the alleged constitutional deprivation." City of Canton v. Harris, 489 U.S. 378, 385 (1989). Plaintiff has failed to allege any facts whatsoever against the City of New York, and certainly none that would support an inference that an official policy or custom caused a violation of his federally protected rights.

Next, plaintiff's claim against Judge Vargas is barred by absolute judicial immunity. See Mireles v. Waco, 502 U.S. 9, 11-12 (1991); Bliven v. Hunt, 579 F.3d 204, 209 (2d Cir. 2009). Judicial immunity "is not overcome by allegations of bad faith or malice," nor can a judge "be deprived of immunity because the action he took was in error . . . or was in excess of his authority." Mireles, 502 U.S. at 11, 13 (quotations marks and internal citations omitted). In addition, the Federal Courts Improvement Act, Pub. L. No. 104-317, 110 Stat. 3847 (1996), § 309(c), bars injunctive relief in any Section 1983 action "against a judicial officer for an act or omission taken in such officer's judicial capacity . . . unless a declaratory decree was violated or declaratory relief was unavailable." Id. § 309(c), 110 Stat. at 3853 (amending 42 U.S.C. § 1983); see also Huminski v. Corsones, 396 F.3d 53, 54 (2d Cir. 2004); Bliven, 418 F.Supp.2d at 209. Plaintiff's complaint challenges acts that Judge Vargas performed in his judicial capacity in presiding over the child support enforcement action at issue. These claims are foreclosed by absolute judicial immunity.

4

Further, to the extent plaintiff challenges Judge Vargas's decision to enforce the North Carolina child support order, the Rooker-Feldman doctrine precludes this Court's review of that judgment. See Exxon Mobil Corp. v. Saudi Basic Indus. Corp., 544 U.S. 280, 284 (2005) ("The Rooker–Feldman doctrine, we hold today, is confined to cases of the kind from which the doctrine acquired its name: cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments.").[4]

The Eleventh Amendment to the United States Constitution also bars plaintiff from suing the New York family court. "Stated as simply as possible, the Eleventh Amendment means that, as a general rule, state governments may not be sued in federal court unless they have waived their Eleventh Amendment immunity, or unless Congress has abrogate[d] the states' Eleventh Amendment immunity when acting pursuant to its authority under Section 5 of the Fourteenth Amendment." Gollomp v. Spitzer, 568 F.3d 355, 366 (2d Cir. 2009) (internal quotation marks and citation omitted). The Second Circuit has held that "the New York State Unified Court System is unquestionably an arm of the State, and is entitled to Eleventh Amendment sovereign immunity." Id. at 368 (internal quotation marks and citation omitted). Family court is a part of that system, and is therefore entitled to sovereign immunity here. See id. (including "family court" in New York State Unified Court System).

---

[4] Even assuming Rooker-Feldman would not preclude this Court's review, federal law does not allow New York to modify the North Carolina child support order, as long as the child's mother resides in that state. Under The Full Faith and Credit for Child Support Orders Act, codified at 28 USC § 1738B, and the Uniform Interstate Family Support Act, adopted in New York as article 5-B of the Family Court Act, the state issuing a child support order retains continuing, exclusive jurisdiction over that order, so long as an individual contestant continues to reside in the issuing state. See 28 USC § 1738B [d]; Family Ct. Act § 580-205). A state may modify the issuing state's order of child support only when the issuing state has lost continuing, exclusive jurisdiction. See 28 USC § 1738B [e]; Family Ct. Act § 580-611 [a]; see also Matter of Batesole-Harmer v. Batesole, 813 N.Y.S.2d 738, 739 (N.Y. App. Div. 2006).

5

Defendant Cecilia Fletcher is also entitled to immunity from suit. She appeared in family court as Assistant Corporation Counsel, presumably as the civil prosecutor seeking to enforce the North Carolina child support order. This conduct is prosecutorial in nature, and courts in the Second Circuit have found that the absolute immunity afforded to criminal prosecutors "should apply equally to civil prosecutors." See O'Sullivan v. Saperston, 587 F. Supp. 1041 (S.D.N.Y. 1984) (citing Davis v. Scherer, 468 U.S. 183, 195-96 (1984)) (holding assistant corporation counsel entitled to absolute immunity for actions taken to enforce child support order); see also Porter v. City of New York, No. 03-CV-6463, 2005 WL 8157423, at *3 (E.D.N.Y. Feb. 22, 2005) (noting "a district court has held that an Assistant Corporation Counsel enjoys absolute immunity from a lawsuit seeking to collect damages for his conduct in a proceeding to enforce a child support judgment"). The complaint challenges Fletcher's alleged conduct in arguing that the New York family court did not have jurisdiction to modify the North Carolina child support order, and instead only had jurisdiction to enforce the order by imposing a period of incarceration. Because these acts were taken in her capacity as Assistant Corporation Counsel in plaintiff's case, this claim is also barred.

Finally, plaintiff names as defendants Guilford County, North Carolina, the county in which the child support award was ordered, and Cynthia A. Crook-Walker, the attorney who presumably represented the child's mother in the North Carolina family court action (although the complaint does not make that clear). Here, plaintiff seems to challenge the issuance of the original child support order in North Carolina. Specifically, plaintiff claims that defendant Crook-Walter, appearing on behalf of Christel L. Dews, and acting as an agent of Guildford County, North Carolina, improperly sought the original child support order without having personal jurisdiction over plaintiff. These claims and these defendants are not properly before this Court. First, plaintiff's complaint indicates that he has already challenged the North

6

Carolina court's alleged lack of personal jurisdiction over him. He cannot collaterally attack it here. Second, as with the New York family court judgment, the Rooker-Feldman doctrine precludes this Court's review of the North Carolina court's decision to order the award. Third, these defendants did not play a role in the New York family court proceedings, which are the crux of plaintiff's constitutional challenge.

**II.    Leave to Amend**

Plaintiff has also failed to provide the Court with sufficient information about the New York family court proceedings he wishes to challenge. For example, plaintiff does not indicate the reason Judge Vargas ordered him to pay $2,000, or to whom he was to pay that amount. The Court also does not know the basis for plaintiff's incarceration, for how long, or frankly, whether he was incarcerated at all. Without a proper defendant and without this basic information about the challenged proceedings, the complaint, as currently pleaded, fails to state a claim.[5] Moreover, the Court is skeptical of its ability to hear this case in its entirety consistent with the Rooker-Feldman doctrine.

In light of plaintiff's *pro se* status, the Court grants plaintiff twenty days to amend his complaint. See Fed R. Civ. P. 15(a); see also Davis v. Goord, 320 F.3d 346, 352 (2d Cir. 2003) (quoting Gomez v. USAA Fed. Sav. Bank, 171 F.3d 794, 795 (2d Cir. 1999)). If plaintiff chooses to file an amended complaint, it must be captioned "Amended Complaint" and bear the same docket number as this Order. Plaintiff is advised that an amended complaint replaces the complaint in its entirety and therefore it must include all of his claims and factual allegations against all of the defendants against whom he wishes to proceed.

---

[5]The complaint also fails to comply with the dictates of Rule 8(a) of the Federal Rules of Civil Procedure. See Fed. R. Civ. P. 8(a) ("A pleading that states a claim for relief must contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief.").

In his amended complaint, plaintiff should name as defendants those individuals who have some personal involvement in the actions he alleges in the amended complaint, and who may be properly named as defendants in this action. Because the New York City Human Resources Administration's Office of Child Support Enforcement ("HRA Child Support Enforcement") handles interstate child support cases on behalf of out-of-state custodial parents who seek to enforce a child support order upon a New York City resident, the HRA Child Support Enforcement employee assigned to plaintiff's case may be a proper defendant.[6] Even if plaintiff does not know the names of the individuals, he may identify each of them as John Doe or Jane Doe. To the best of his ability, plaintiff must describe each individual and the role they played in the alleged deprivation of his rights. In addition, if plaintiff has documents relating to the New York family court proceedings, he should include those in his amended complaint.

Although the Court is granting plaintiff leave to file an amended complaint in which he may attempt to state a valid claim for relief against an appropriate defendant, the Court is skeptical that any amendment can cure the problems with plaintiff's case. Once the North Carolina Court, with personal jurisdiction over plaintiff (as it found), issued the child support order, the New York family court was obligated to enforce it absent circumstances that plaintiff has not pled just as if plaintiff had been found in North Carolina and the North Carolina court was enforcing its own order. It is neither the function of the New York family court nor this Court to serve as an appellate court over the North Carolina court. If plaintiff contends that the North Carolina child support order deprived him of due process, his remedy was to appeal that, and if unsuccessful through the North Carolina Supreme Court, to seek a writ of certiorari for his constitutional claims from the United States Supreme Court.

---

[6] See Child Support, NYC Law Department Family Court Division, https://www1.nyc.gov/site/familycourtdivision/child-support/child-support.page.

## CONCLUSION

Accordingly, the complaint is dismissed for failure to state a claim. Plaintiff's request for a temporary restraining order is denied. Plaintiff is granted twenty (20) days to file an amended complaint. If plaintiff fails to comply with this Order within the time allowed, judgment dismissing this action shall enter. Any amended complaint that plaintiff elects to file will be reviewed for sufficiency.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith and therefore *in forma pauperis* status is denied for purpose of an appeal. See Coppedge v. United States, 369 U.S. 438, 444-45 (1962).

**SO ORDERED.**

                                                                                                                                  U.S.D.J.

Dated: Brooklyn, New York
        September 5, 2018